UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES MARINE, INC.                    CIVIL ACTION

VERSUS                                        NO: 08-2571

UNITED STATES OF AMERICA                      SECTION: "J" (3)

**ORDER AND REASONS**

Before the Court is the defendant's **Motion to Dismiss Pursuant to FRCP 12(b)(1) and (7) (Rec Doc. 13)**.  This motion, which is opposed, was set for hearing on September 17, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that defendant's motion should be denied.


**<u>Background Facts</u>**

This case was filed by United States Marine, Inc. ("USMI") on April 30, 2008 under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA").  USMI alleges that the United States, through the Department of Defense ("DOD") negligently disclosed to a third party a trade secret.  The trade secret at issue is the vessel and hull design known as MK V.  USMI is the co-owner

of the hull design.  USMI claims that it developed the design for Halter Marine, Inc. ("Halter"), the predecessor in interest to VT Halter Marine Inc. ("VT Halter").  In 1994, Halter entered into a contract with DOD to build watercraft using the hull design.  In connection with that contract, the hull design was disclosed to DOD.  The contract between Halter and DOD prohibited the government from using or disclosing the design for the production of any other watercraft.  Based on these restrictions, USMI claims that the hull design was a trade secret under applicable state law.  USMI further alleges that without the authorization of USMI, Halter or VT Halter, DOD gave the hull design to other companies in 2004 and that those companies used the design to develop and construct new prototype watercraft.  USMI in this suit claims misappropriation of its design and seeks damages for the loss of government and commercial contracts it would have obtained had DOD not disclosed the design to others.

## The Parties' Arguments

The government has filed this motion to dismiss making two arguments.  First, the government contends that this suit should be dismissed per Federal Rule of Civil Procedure 12(b)(1) because the Court lacks subject matter jurisdiction.  The government argues that only the Court of Federal Claims has jurisdiction to hear these claims because they are contractual in nature.  Under

the Tucker Act, 28 U.S.C. 1491(a)(1), the Court of Federal Claims has exclusive jurisdiction over contractual claims against the government that exceed $10,000.   The government asserts that this case fundamentally involves the Halter-DOD contract and would require this Court to interpret that contract.   Thus, the government claims that this suit should be interpreted as a negligent breach of contract claim against the government which can only be properly heard in the Court of Federal Claims.

The government's second argument is that this case should be dismissed based on Federal Rule of Civil Procedure 12(b)(7) for USMI's failure to join a necessary party under Federal Rule of Civil Procedure 19.   The government claims that VT Halter, the predecessor to Halter, is a necessary and indispensable party because they are part owner of the hull design and the counterparty on the DOD contract.   The government argues that under Rule 19(a) VT Halter is a necessary party.   Further, they argue that VT Halter is an indispensable party under Rule 19(b) and that the case should be dismissed since this Court cannot assert jurisdiction over VT Halter.

USMI opposes the motion arguing that they are not suing under a contract theory and that VT Halter is not a necessary and indispensable party.   USMI contends that no language in the contract between Halter and DOD needs to be interpreted.   Rather, they argue that the language is clear on its face and that the

3

fundamental claim is one that sounds in tort.  Secondly, USMI argues that VT Halter is not a necessary party under Rule 19(a). This case is solely an adjudication of the rights of USMI to compensation for misappropriation.  Thus, relief can be granted without VT Halter's participation.

## **Discussion**

Federal Rule of Civil Procedure 19 guides the determination of whether VT Halter is a necessary and indispensable party. Rule 19 provides for a two-step analysis.  Rule 19(a) provides that a non-party must be joined if they meet the requirements of the rule, are subject to service of process and their joinder will not deprive the court of subject matter jurisdiction.  There is no dispute between the parties that the joinder of VT Halter would deprive this Court of subject matter jurisdiction.  As a result the Rule 19(a) analysis is solely to determine if VT Halter would be joined as a party but for the fact that joinder would deprive this Court of subject matter jurisdiction.  If the Rule 19(a) test is met then the analysis proceeds to Rule 19(b) to determine if VT Halter is an indispensable party.  See <u>Sorrels Steel Co. v. Great Southwest Corp.</u>, 906 F.2d 158 (5th Cir. 1990).

There are two reasons to join a party under Rule 19(a). First, under Rule 19(a)(1)(A) a non-party should be joined if "the court cannot accord complete relief among existing parties"

4

without joining the non-party.  Fed. R. Civ. P. 19(a)(1)(A).
This analysis is limited solely to the effect on the current
parties; the effect on the non-party is not considered.
Pulitzer-Polster v. Pulitzer, 784 F.2d 1305, 1309 (5th Cir.
1986).  USMI contends that they may receive money damages whether
VT Halter is a party or not, and the rights of the government in
relation to USMI can be determined without joining VT Halter.
The government does not appear to dispute this argument.  Rule
19(a)(1)(B) provides the second reason to join a non-party.  A
non-party should be joined when that party "claims an interest
relating to the subject of the action and is so situated that
disposing of the action in the person's absence may: (I) as a
practical matter impair or impede the person's ability to protect
the interest; or (ii) leave an existing party subject to a
substantial risk of incurring double, multiple, or otherwise
inconsistent obligations because of the interest."  Fed. R. Civ.
P. 19(a)(1)(B).

    USMI argues that VT Halter does not have an interest in this
litigation because the Halter-DOD contract is not the subject of
this case.  Although VT Halter has an interest in adjudicating
its rights under that contract, USMI argues that the contract
rights will not be adjudicated.  Instead, the contract is simply
evidence in this case of how DOD received the hull design and the
restrictions that were placed on use of that design.  Contrary to

VT Halter's rights based on the contract with DOD, USMI argues
that the rights that form the basis of the claims in this case
arise from a trade secret.  Thus, USMI argues that no interest of
VT Halter will be effected because they can always sue on the
contract in a later case.  In addition, USMI contends that VT
Halter's interests will not be impaired because they are not in
privity with one another, and thus a decision in this Court will
have no collateral estoppel effect.  Further, a decision in this
case would not have much precedential value in a later VT Halter
action since this case is based on the FTCA and state tort law
while VT Halter's suit would, by virtue of the contract with the
government,  have to proceed in the Court of Federal Claims based
on federal procurement law.  Lastly, USMI argues that the
government faces no threat of inconsistent and multiple
obligations because at worst the government would have to pay two
money judgments.  Conversely, the government contends that VT
Halter does have an interest in this case.  They argue that the
rights of both USMI and VT Halter are the same, except that VT
Halter's remedies lie in the Halter-DOD contract.  Furthermore,
the government argues that VT Halter is prejudiced by not being
present in the litigation, and more significantly, the government
is prejudiced by the possibility of inconsistent and multiple
obligations.

    First, it is clear to the Court that while the Halter-DOD

contract will be discussed in this case, it is not the basis of
USMI's cause of action.   This is not a breach of contract case
and USMI is not even a party to the subject contract.   While the
Halter-DOD contract will play a role in this case to demonstrate
how DOD came to possess the design and to provide the
underpinnings of USMI's state law trade secret argument, this
Court is not being asked to interpret the contract.   While USMI
and VT Halter are not in privity such that a decision here would
collaterally estop a subsequent VT Halter case, the Fifth Circuit
has held that an adverse precedent that would be given
substantial weight can satisfy the Rule 19(a)(1)(B)(I) analysis.
Pulitzer-Polster, 784 F.2d at 1310-11.   However, a decision in
this case would not have significant weight in a later VT Halter
action because here USMI seeks money damages under an FTCA and
state tort law theory, while VT Halter would be forced to press
their case in the Court of Federal Claims under applicable
federal procurement law.   Lastly, there is no government
prejudice from potential inconsistent obligations.   Generally,
inconsistent obligations arise when a party cannot comply with
one court's order without breaching the order of another court
regarding the same incident.   Delgado v. Plaza Las Americas,
Inc., 139 F.3d 1, 3 (1st Cir. 1990).   Here, inconsistent
decisions would amount to the government having to pay one
plaintiff, but not having to pay another.   The division of

ownership rights between USMI and VT Halter to the hull design are not in dispute.  Thus, in two separate suits the government might simply have to pay each their share of the damages. Concerns regarding multiple obligations would only arise if there was a substantial possibility that the government would be forced to pay twice for the same injury.  <u>Pulitzer-Polster</u>, 784 F.2d at 1311-12; <u>Farrell Constr. Co. v. Jefferson Parish, Louisiana</u>, 896 F.2d 136 (5th Cir. 1990).  In the present circumstance, the government, if it lost in this suit and in a separate suit by VT Halter, would only be paying each plaintiff their share of the damages.

Rule 19(a) is not satisfied such that VT Halter is a necessary party.  Under the Rule 19(a)(1)(A) analysis relief can be accorded to the current parties.  USMI only seeks monetary damages for their liability.  Second, the government's argument on Rule 19(a)(1)(B) is lacking.  USMI correctly argues that the government will not be subject to multiple, inconsistent judgments because this case solely adjudicates the government's liability to USMI.  The lack of privity between USMI and VT Halter and the substantial differences that would be present between two cases brought by each party allay any fear that a decision in this case would have a binding impact on a later case, should VT Halter decide to sue. Since Rule 19(a) is not satisfied and VT Halter is not a necessary party the Court need

not analyze Rule 19(b) to discovery whether VT Halter is
indispensable.

Alternatively, the government argues that this Court has no
subject matter jurisdiction, even with VT Halter absent, because
the claims in this case sound in contract and thus should be
pursued in the Court of Federal Claims under the Tucker Act, 28
U.S.C. § 1491(a)(1). The government argues that USMI's claim is
really for interference with contract rights, a tort that is
specifically excluded from the FTCA. Thus the government asserts
that because the rights and remedies at issue are based on the
Halter-DOD contract, the Tucker Act applies and vests
jurisdiction exclusively in the Court of Federal Claims. The
Tucker Act provides that, "The United States Court of Federal
Claims shall have jurisdiction to render judgment upon any claim
against the United States founded...upon any express or implied
contract with the United States." 28 U.S.C. § 1491(a)(1). The
government interprets USMI's claim to be for tortious
interference with contract rights. While this is disputed by
USMI, it is clear that a claim for tortious interference with
contract rights would fall under the Tucker Act with exclusive
jurisdiction in the Court of Federal Claims. 28 U.S.C. § 2680
(h); In re Supreme Beef Processors, Inc., 468 F.3d 248, 252 (5th
Cir. 2006). The government further argues that USMI's core
allegation is that the United States failed at a duty to protect

9

the hull design that arose from the Halter-DOD contract.  They
argue that USMI is using the contract language to establish the
secret that was allegedly breached.  Thus, the government argues
that this claim is the equivalent to a claim that the government
interfered with the contract.  It is certain that if USMI's claim
in this case is interpreted in this manner then this Court would
not have subject matter jurisdiction since claims based on a
failure of the government to perform contractual obligations do
not support subject matter jurisdiction under the FTCA.  <u>Davis v.</u>
<u>United States</u>, 961 F.2d 53, 56 (5th Cir. 1991).

     However, USMI argues that their claim is not and cannot be
for interference with contract rights.  Rather, they plainly
argue that the government misappropriated a trade secret, a claim
for which the FTCA provides jurisdiction to this Court.  The
Second Restatement defines the tort of interference with contract
rights as: "One who intentionally and improperly interferes with
the performance of a contract...between another and a third
person by inducing or otherwise causing the third person not to
perform the contract, is subject to liability to the
other...resulting from the failure of the third person to perform
the contract."  Restatement (Second) of Torts §766 (1979).  In
this scenario Halter would be the third party as USMI alleges
that the government interfered with a contract between USMI and
Halter.  An agreement did exist between USMI and Halter that

10

required Halter to maintain the secrecy of the hull design.
Halter took action to maintain that secrecy by including certain
provisions in their contract with DOD.  There is no allegation
that Halter breached any agreement.  Instead, the government
lawfully obtained the hull design and subsequently
misappropriated the design.

       USMI further argues that it is not relevant that some of the
allegations in their complaint could form the basis of a claim
for interference with contract rights.  In Block v. Neal, the
Supreme Court held that where the allegations state a claim that
is cognizable under the FTCA it does not matter that the
government breached some other duty in the same transaction that
is not actionable under the FTCA.  460 U.S. 289, 297 (1983).
Further, in Kramer v. Secretary, United States Dep't of the Army,
the Second Circuit held that a claim for misappropriation under
the FTCA was properly before a district court even when the
allegations involved possible torts that are excluded by the
FTCA.  653 F.2d 726, 730 (2nd Cir. 1980).  In Kramer, the
plaintiff provided names of suppliers as part of a contract with
the Army.  Id.  The Army then gave that information to the
plaintiff's competitors.  Id.  The circuit court held that the
plaintiff could proceed in the district court with her claim that
she had provided secret information to the government and that
the government had subsequently made unauthorized use of the

11

information.   Id.   This claim could proceed even though the plaintiff might have a claim for tortious interference of contracts with her suppliers.   Id.

The government asks this Court to interpret USMI's cause of action as a tortious interference of contract claim.  However, it is clear that USMI is arguing a state law, misappropriation theory and not a contract interference theory.  Although USMI might be able to pursue some other claims that do not fall under the FTCA's grant of jurisdiction to the federal district courts, they plainly have not pressed such claims in this case.  The mere existence of potential non-FTCA claims does not destroy FTCA jurisdiction over the claims that plaintiff is asserting.

Accordingly,

IT IS ORDERED that defendant's **Motion to Dismiss Pursuant to FRCP 12(b)(1) and (7) (Rec Doc. 13)** is hereby **DENIED.**

New Orleans, Louisiana, this 25th day of September, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE