UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES MARINE, INC. | CIVIL ACTION |
| VERSUS | NO: 08-2571 |
| UNITED STATES OF AMERICA | SECTION: "J" (3) |

**ORDER AND REASONS**

Before the Court is the Defendant's **Motion to Dismiss VT Halter for lack of subject matter jurisdiction FRCP 12(b)(1)**. (Rec. D. 45) Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendant's **Motion** is **DENIED.**

**Background Facts**

This case was filed by United States Marine, Inc. ("USMI") on April 30, 2008 under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. (FTCA). USMI alleges that the United States, through the Department of Defense ("DOD") negligently disclosed to a third party a trade secret. The trade secret at issue is the vessel and hull design known as MK V. USMI is the co-owner of the hull design. USMI claims that it developed the design for

Halter Marine, Inc., the predecessor in interest to VT Halter Marine Inc. ("VT Halter"). In 1994, Halter Marine entered into a contract with the DOD to build watercraft using the hull design. In relation to that contract, the hull design was disclosed to DOD and was accompanied by a restriction in the Halter-DOD contract prohibiting the government from using the design for the production of any other watercraft. Based on this language, USMI claims that the hull design was a trade secret under the applicable state law. USMI further alleges that without the authorization of USMI or VT Halter, DOD gave the hull design to Hodgdon Yachts and other companies in 2004 and that those companies used the design to develop and construct a new prototype watercraft. USMI thus claims misappropriation of its design and damages for the loss of government and commercial contracts it would have obtained had DOD not disclosed the design to others.

The United States brought a Motion to dismiss for lack of jurisdiction in July of 2008, also alleging that VT Halter was an indispensable party. (Rec. D. 13) The Court denied this motion in September of 2008. (Rec. D. 20) In January of 2009, the United States filed a third party claim against VT Halter. (Rec. D. 30) VT Halter responded and filed a Counterclaim against the government in March of 2009. (Rec. D. 36) Trial was set for August 24, 2009. (Rec. D. 23) In May all the parties moved for

and were granted a continuance of the trial and a new scheduling order moved the trial to December 14 2009. (Rec. D. 38)

## **The Parties' Arguments**

The government has filed this motion alleging that the counterclaim by VT Halter should be dismissed because the Court lacks subject matter jurisdiction. The government argues that the only court with jurisdiction is the Court of Federal Claims. Under the Tucker Act, 28 U.S.C. 1491(a)(1), the Court of Federal Claims has exclusive jurisdiction over contractual claims against the government that exceed $10,000. The government asserts that the counterclaim is about the contract between Halter and DOD and that the court would have to interpret that contract. Based on this argument the government claims that the counterclaim should be interpreted as a negligent breach of contract claim against the government that can only properly be heard in the Court of Federal Claims.

VT HALTER opposes the motion and argues that this is not a contract claim. It contends that no language in the contract between Halter Marine and DOD needs to be interpreted. Rather, it argued that the language is clear on its face and that the fundamental claim is one that sounds in tort. It argues that case is actionable under the Federal Tort Claims Act ("FTCA") which vests jurisdiction in this Court.

Secondly, VT Halter argues that its claims are compulsory counterclaims under Rule 13 of the Federal Rules of Civil Procedure. Rule 13 requires that VT Halter plead any action which arises out of the same transaction that is the subject matter of the DOD's claims against them. The United States joined VT Halter as a party and asserted third party claims against them. In response, VT Halter asserted claims against the United States. Thus, argues VT Halter, the Court has supplemental jurisdiction over the counter claims.

## Discussion

The Court finds that it has subject matter jurisdiction over VT Halter's counterclaim. This Court has upheld jurisdiction over the underlying claims in this matter between USMI and the United States upon a similar motion to dismiss. (Rec. D. 20) In that opinion, the Court reasoned that the claims asserted against the United States were guided by the FTCA because the plaintiff's claim is for misappropriation of a trade secret which is a tort. As in the case with USMI, VT Halter's complaint alleges that the government lawfully obtained the hull design and subsequently misappropriated the design; it is not relevant that some of the allegations in their complaint could form the basis for a claim for interference with contract rights. In <u>Block v. Neal</u>, the Supreme Court held that where the allegations state a claim that is cognizable under the FTCA it does not matter that the

4

government breached some other duty in the same transaction that is not actionable under the FTCA. 460 U.S. 289, 297 (1983). Further, in Kramer v. Secretary, United States Dep't of the Army, the Second Circuit held that a claim for misappropriation under the FTCA was properly before a district court even when the allegation involved possible torts that are excluded by the FTCA. 653 F.2d 726, 730 (2nd Cir. 1980). In Kramer, the plaintiff provided names of suppliers as part of a contract with the Army. Id. The Army then gave that information to the plaintiff's competitors. Id. The circuit court held that the plaintiff could proceed in district court with her claim that she had provided secret information to the government and that the government had subsequently made unauthorized use of the information. Id. This claim could proceed even though the plaintiff might have a claim for tortious interference of her contracts with her suppliers. Id. The present case is analogous.

Furthermore, the Court agrees that the counterclaim asserted by VT Halter was a compulsory counterclaim. The Court finds that pursuant to 28 U.S.C. § 1367 (a) it has supplemental jurisdiction over the claim.

The Court also notes that in this case the government joined VT Halter as a third party to the suit. Subsequent counterclaims were a predictable result of this action. The government

subsequently attempted to dismiss those claims in a second attempt to adjudicate those matters in the Court of Federal Claims. Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss** is hereby **DENIED.**

New Orleans, Louisiana, this 3rd day of August, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE