UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES MARINE, INC.           CIVIL ACTION

VERSUS                               NO: 08-2571

UNITED STATES OF AMERICA             SECTION: "J" (3)

**ORDER**

Before the Court is Plaintiff's Motion for Summary Judgement (Rec. D. 59 &73), Defendant's Motion for Summary Judgement (Rec. D. 87), and Defendant's Motions in Limine (Rec. D. 91 & 95). Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds that Plaintiff's Motion for Summary Judgement (Rec. D. 59 &73), Defendant's Motion for Summary Judgement (Rec. D. 87), and Defendant's Motions in Limine (Rec. D. 91 & 95) are **DENIED.**

**Discussion**

With respect to the Motions for Summary Judgment, the Court finds that several genuine issues of material fact remain after thorough review of the parties' arguments.

In addition, with respect to Defendant's Motions In Limine to Exclude the Testimony (Rec. D. 91 & 95), the purpose of

*Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury." Rushing v. Kansas City Southern Ry. Co., 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), citing Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590-93 (1993). Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir.2000). "Daubert requires a binary choice--admit or exclude--and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." SmithKline Beecham Corp. v. Apotex Corp., 247 F. Supp. 2d 1011, 1042 (N.D. Ill. 2003). Given that this case is a bench trial, and thus that the objectives of Daubert, upon which Defendant's motion is premised, are no longer implicated, the Court finds that the motion in limine to exclude expert testimony should be denied at this time. Furthermore, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." Daubert, 509 U.S. at 596.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgement

2

(Rec. D. 59 &73), Defendant's Motion for Summary Judgement (Rec. D. 87), and Defendant's Motions in Limine (Rec. D. 91 & 95) are **DENIED.**

**IT IS FURTHER ORDERED** that oral argument on Plaintiff's Motion for Summary Judgement (Rec. D. 59 &73), Defendant's Motion for Summary Judgement (Rec. D. 87), and Defendant's Motions in Limine (Rec. D. 91 & 95) is **CANCELED.**

**IT IS FURTHER ORDERED** that the issue of liability will be severed from the issue of damages for the purposes of trial. The trial scheduled for **December 14th, 2009** will be limited to liability only.

New Orleans, Louisiana, this 26th day of October, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE