UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES MARINE, INC. | CIVIL ACTION |
| VERSUS | NO: 08-2571 |
| UNITED STATES OF AMERICA | SECTION: "J" (3) |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On September 27, 2010, a bench trial was held in the above-captioned matter to determine the amount of damages, if any, due Plaintiffs United States Marine, Inc. ("USMI") and VT Halter Marine, Inc. ("VTHM") for the misappropriation of the MK V Design by the U.S. Navy. The bench trial on the issue of liability concluded on January 12, 2010, with the Court issuing its Findings of Fact and Conclusions of Law on April 1, 2010 (Rec. Doc. 130). The Court found that the United States misappropriated the MK V design owned by USMI and VTHM by disclosing the design to DLBA, Hodgdon Yachts and Maine Marine Manufacturing, without consent or permission.

Misappropriation of a trade secret is a statutory tort in Virginia under its version of the Uniform Trade Secrets Act, Va. Code Ann. §§ 59.1-336, *et seq*. Virginia Trade Secret Act provides

damages for misappropriation of a trade secret as follows:

> [A] complainant is entitled to recover damages for misappropriation. Damages can include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss. If a complainant is unable to prove a greater amount of damages by other methods of measurement, the damages caused by misappropriation can be measured exclusively by imposition of liability for a reasonable royalty for a misappropriator's unauthorized disclosure or use of a trade secret.

Vir. Code Ann. § 59.1-338(1)(A). Courts interpreting this provision state that it lays out two mutually exclusive options for computing damages: 1) plaintiff's actual loss caused by the misappropriation plus unjust enrichment to the defendant not included in plaintiff's actual loss; or 2) a reasonable royalty for the unauthorized use of a trade secret. *Am. Sales Corp v. Adventure Travel, Inc.*, 862 F. Supp. 1476, 1479 (E.D. Va. 1994) (citing Vir. Code Ann. § 59.1-338(1)(A)).

The Court finds that Plaintiff has failed to prove any actual loss or unjust enrichment. Accordingly, the Court concludes a reasonable royalty to be the appropriate measure of damages in this case. The reasonable royalty is calculated based

on what a willing buyer and seller would settle on as the value of the trade secret. Am. Sales Corp. v. Adventure Travel, Inc., 862 F. Supp. 1476, 1480 (E.D. Va. 1994) (citing Univ. Computing Co. v. Lykes-Youngstown Corp., 504 F.2d 518, 537 (5th Cir. 1974)). Having heard and reviewed the evidence offered at trial, the Court now finds that a reasonable royalty to USMI and VTHM to license the MK V Design to the Navy would have been $1,445,676.00. This amount constitutes what Plaintiffs referred to as "The Initial Vessel Design Package Fee" calculated at one half of current market development costs, as explained in the attached Exhibit 71.[1]

    New Orleans, Louisiana, this 10th day of November, 2010.

                                                               _____
                                                               CARL J. BARBIER
                                                               UNITED STATES DISTRICT JUDGE

---

    [1]Exhibit 71 was discussed during trial but, through an oversight, never became part of the record. Accordingly, Exhibit 71 is now admitted into evidence.

4.  What do you contend was the actual market value (i.e., a reasonable royalty) for a license to disclose the MK V aluminum design in 2004-2005 to a third-party for purposes of designing a modified MK V vessel?

**Reponse:**

The As-Built MK V Drawing Package disclosed by the United States to the MK V.1 team includes all information required for a competing company with an understanding of shipbuilding processes and procedures to produce an identical product to that produced by

71-001

VTHM. The use of an As-Built Drawing Package for a vessel enables a shipbuilder to produce a fully operational vessel with the absolute minimum need for further Engineering expertise on the job. VTHM estimates that it would offer a one-time license agreement and fee of the As-Built Data Package based on the following conditions. The Initial Vessel Design Package Fee calculated at 1/2 of Current Market Development Costs plus a 5% Royalty Fee. The Terms and Conditions of the usage agreement would specifically restrict the licensee from being able to assert any data rights to VTHM's Design Package and all data developed from VTHM's data package would maintain VTHM's Data Rights Restriction Markings. Based on this criterion and utilizing 2004 DCAA Approved Labor Rates the following calculation applies:

| | | |
|---|---|---|
| 22,317 manhours X $48.90 per mh | | = $1,091,301 |
| Estimated Consumable Cost | | = $13,440 |
| Model Testing | + | = $127,100 |
| Subtotal Cost | | = $1,231,841 (1/2 of Development) |
| G&A at 6.69% | + | = $82,410 |
| Subtotal Cost with G&A | | = $1,314,251 |
| Profit at 10% Mark-up | + | = $131,425 |
| Design Use Sale Price | | = $1,445,676 |
| 5% Royalty Fee | + | = $500,000 (based on $10M Vessel) |
| Total First Time License Fee | | = $1,945,576 (2004 dollars) |

Please also state:

    a.    the methodology by which you calculate this amount; and

**Response:**

    Please see Response to Interrogatory 4(a), above.

    b.      whether you have ever sold a license or used rights on the MK V design in the past and, if so, the licensee's name, the cost of the license, and terms governing the license.

**Response:**

VTHM and USMI jointly own the MK V Design and that of any and all derivatives. No further licenses have been granted by either party to any other entity.